IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BENNIE D. HERRING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05-CV-563-T |
| | ) | WO |
| | ) | |
| THE COFFEE COUNTY COMMISSION, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Bennie D. Herring ["Herring"], a county inmate, on June 13, 2005. In this petition, Herring sought to challenge the constitutionality of other inmates' confinement in the Coffee County Jail. Since the petition failed to assert a claim for relief cognizable in a habeas action filed on behalf of the petitioner, the court entered an order requiring that on or before July 6, 2005 Herring "file an amendment to his petition which . . . [a]dvises the court of the basis for <u>his</u> confinement in the Coffee County Jail" and "[e]xplains how <u>his</u> confinement in the Coffee County Jail is violative of the Constitution of the United States. . . ." *Order of June 20, 2005 - Court Doc. No. 2* (emphasis in original). Herring failed to file a response to this order within the prescribed time. The court therefore entered an order directing Herring to "show cause" for his failure "to file an amendment to his petition in compliance with the

[above described] order . . ." *Order of July 15, 2005 - Court Doc. No. 3*. This order specifically cautioned Herring that his failure to comply with such order would result in a recommendation that this case be dismissed. *Id*. As of the present date, Herring has filed nothing in response to either the June 20, 2005 order or the July 15, 2005 order. The court therefore concludes that this case is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the petitioner to prosecute this action and his failure to comply with the orders of this court.

It is further

ORDERED that on or before August 17, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of August, 2005.

          /s/Charles S. Coody
    CHARLES S. COODY
    CHIEF UNITED STATES MAGISTRATE JUDGE