IN THE UNITED STATES COURT FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED 2005 AUG 10  9:46
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| STATE OF ALABAMA VS Bennie Dean Heuring Petitioner | DC Case # 830 565 Fed Dist # 1:05-CV-563-T |
|---|---|

## AFFIDAVIT AND OBJECTION TO MAGISTRATES RECOMDATION

Comes now the undersigned petitioner to object to the recomendation of the assigned magistrate judge. The reasons follow.

1. Without a written waiver federal magistrates are prohibited from overseeing substantive issues arising in matters before this court.
2. Criminal actions are always at law and substantive.
3. To a person illegally confined any delay in the resolution of a habeaus petition is substantive.
4. Procedures required relative to a magistrate's participation in a matter before this court effect unjust and unavoidable delays.
5. In the case at hand this petitioner has been confined now for two months as a result of actions of lower

court relative to several due process issues.

6. Delays at the federal level are no lesser due process issues when a person is confined.

7. Inmates are essentially denied the use of the legal library at the Coffee County jail and are only allowed the privilege of having a Bible or other related religious readings, pursuant to jail rules.

8. Hence, the failure of this inmate to provide specific reference to the various statutes, his work coming from memory only.

9. Along with denial of use of the library, getting copies made is common and for that reason the petitioner does not have a copy of the original petition and/or attachments filed before this court.

10. However, he is aware that Alabama law allows a friend of a defendant to file for habeas relief.

## BACKGROUND

11. The petitioner was arrested without a warrant on June 7, 2005 and placed in the Coffee County jail on orders of deputies of this county.

12. The inmate "Herring" asked the arresting officers for copies of any charges and subsequent warrants and was denied the same.

13. At an initial appearance on June 8, 2005, Herring renewed his demand for charges before the state district court and was told by the presiding judge that the court did not have copies before it.

14. The district court then signed an order stating that the court had assured that Herring was furnished copies of the charges.

15. Along with the false statement Herrings bail was set at $5000. cash only.

16. The district court erroneously confused bail with bond when it specified that Herring's "bond" was to be $5000. cash. EX 1.

17. Not a part of the official court record is a $2000. cash only addition to the existing $5000. restriction that was added in response to a properly filed, MOTION FOR BOND CORRECTION; filed by the petitioner on June 13, 2005.

18. While the $2000. cash only addition is not a part of the court record, it is a part of the jail record

and continues to prevent bonding arrangements, at least, in part.

19. The petitioner has by letter and motion moved the district court for an order that would void the confusion and allow the entrance of a surety.

20. To conserve the time of this court petitioner will not attach most of the pleading that are a part of the lower court's record.

21. Cash only bail restrictions are not allowed by any statute that is within the knowledge of the petitioner and is nothing but a poorly veiled denial of bail which, to the contrary, is prohibited by state law.

22. Other due process violations that reflects firsthand knowledge by the petitioner involves a refusal to correct the above referenced confusion as to bail, refusal to provide arraignment, refusal to provide or/and cause enforcement officers to provide copies of charges, and arbitrary bail restrictions.

RELIEF SOUGHT

Injunctive relief that is consistant with the most fundamental federal restrictions relative to due process proceedures should be more than

adequate to remedy, in the short term, most of the above listed due process violations.

More effective would be a court-ordered evaluation of all procedures relative to Coffee County and it's sheriffs department, circuit clerks office, jail officials as it pertains to overcrowding and abuse of the right to bail.

For instance on August 5, and 7, 2005, warrantless arrests were made on people for such things as "Failure to pay" and they were taken into the jail without an order from a judicial officer and placed in the general population, without bed and or sheeting where they had to sleep on a cold damp concrete floor.

These people, when arrested after 5 o'clock on Friday will not have an opportunitity to make bond untill at least monday.

Wherefore the affiant/petitioner sayeth no more.

w.it: [signature]  Respectfully submitted
w.it: [signature]  this Aug 8, 2005.
      [signature]