IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

2005 AUG 25 A 9:36

| | | |
|---|---|---|
| **BENNIE D. HERRING,** | ) | |
| | ) | |
| PETITIONER, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO. 1:05-CV-563-T |
| THE COFFEE COUNTY | ) | |
| COMMISSION, et al., | ) | |
| | ) | |
| RESPONDENTS. | ) | |

## ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS

Comes now, Gary L. McAliley, District Attorney, Twelfth Judicial Circuit, State of Alabama and in response to Bennie D. Herring's "PETITION FOR A WRIT OF HABEAS CORPUS" and "amendment" does state as follows:

1). Bennie D. Herring seems to contend that possession, manufacture or trafficking in METHAMPHETAMINE is not made criminal by the published statutes of the State of Alabama. This Defendant denies this contention and cites the following Alabama Code sections which specifically make criminal the possession, distribution, trafficking or manufacture of methamphetamine:

   a). Section 13A-12-211 (makes criminal the unlawful DISTRIBUTION *of controlled substances enumerated in Schedules I through V*); Section 13A-12-212 (makes criminal the unlawful POSSESSION *of controlled substances enumerated in Schedules I through V*); Section 13A-12-231(11) (makes criminal TRAFFICKING in methamphetamine); Sections 13A-12-217; 13A-12-218 and 13A-12-219 (make criminal the MANUFACTURE of *a controlled substance enumerated in Schedules I to V*).

b). The "Schedules I through V" referred to are the schedules contained in Sections 20-2-20 through 20-2-31, or in those schedules as revised and republished annually by the State of Alabama Board of Health pursuant to Section 20-2-32, the Code of Alabama.

c). Methamphetamine is enumerated as a Schedule III controlled substance. See Section 20-2-27(a)(1)(c), the Code of Alabama.

2). Bonds set by Defendant, District Judge Paul Sherling do not exceed those allowed by state law.

3). "Cash Only" bonds and other conditions of bond are allowed to be imposed as conditions of bond by Alabama Judges. "Cash Only" bonds may be imposed when reasonable under the circumstances as determined by a State Judge.

4). "Cash Only" bonding requirements are set by Judge Sherling when appropriate under the circumstances of each case and such requirements are not "arbitrarily" administered.

5). A defendant required by an Alabama District Judge to post a "cash only" bond has the right to file in the State District Court a "MOTION FOR REDUCTION OR MODIFICATION OF BOND" and an adverse ruling may be appealed *denovo* to the Circuit Court and thereafter up the appellate chain. The listed Defendants have not exhausted their state court remedies seeking reduction or modification of bonding requirements and therefore, this ground should be dismissed/denied.

6). This defendant, District Attorney does not house those criminally charged and therefore does not have knowledge whether the inmates listed are being denied their "most basic needs" as contended by Petitioner.

7). This defendant, District Attorney is not personally aware that any "inmate has been confined for months without an 'initial appearance' as it has been the policy of the state courts to conduct initial appearances of every confined prisoner within the time mandated by federal/state law.

8). This defendant admits not every inmate has been granted a preliminary hearing as a state criminal defendant is not entitled to a preliminary hearing after being indicted by a grand jury.

9). Plaintiff Herring's allegation that he was arrested July 7, 2004 without a warrant is correct. The crimes for which Plaintiff Herring was arrested were committed by Plaintiff Herring in the presence of the arresting officer. Therefore, no warrant was needed in order to effectuate Plaintiff Herring's arrest. Timely thereafter, and specifically on July 8, 2004, the arresting officer, Deputy Sheriff Mark Anderson appeared before State Magistrate, Sue Prater and obtained a warrant for the arrest of Petitioner Herring charging him with "Carrying a Concealed Weapon." (*See Defendant, District Attorney's exhibit "A" which is attached.*) After drugs were examined by the Alabama Department of Forensic Science, the arresting officer again appeared before the same state Magistrate on October 13, 2004 and obtained a warrant against this Petitioner for Possession of a Controlled substance, to-wit: methamphetamine. (*See Defendant, District Attorney's exhibit "B" which is attached.*)

10). District Judge John Dowling set a preliminary hearing in the above cases on November 29, 2004. Plaintiff Herring failed to appear and an "*alias writ for arrest*" was issued by the Coffee County District Court.

11). Plaintiff Herring came to the Office of the District Attorney and District Attorney Gary McAliley personally requested the Judge to set aside the alias writ for the arrest of Plaintiff Herring and to re-set the case for Preliminary Hearing. The request was granted.

12). A preliminary hearing was held 6/27/05 with respect to the two criminal charges filed against Plaintiff Herring and the cases have been forwarded to the action of a Coffee County grand jury. Petitioner has not been denied a preliminary hearing.

13). By "affidavit" Scottie Senn states to the court, "*I am confined on a charge that is not contained in the Code of Alabama.*" This representation to this Honorable Court is not a true one. (*See Defendant, District Attorney's exhibit "C" which is a copy of the "Complaint" seeking a warrant against affiant Senn in DC-2005-235 charging him with the 5/17/2005 Unlawful Manufacture of a controlled substance, to-wit, methamphetamine in violation of Section 13A-12-218, the Code of*

*Alabama.*) As Scottie Senn has proper, prior felony convictions of POSSESSION OF A CONTROLLED SUBSTANCE FIRST DEGREE, to-wit: Methamphetamine on 5/13/2002 in CC-01-B-419; POSSESSION OF A CONTROLLED SUBSTANCE, to-wit: Methamphetamine on 5/13/2002 in CC-01-B-420; BURGLARY IN THE FIRST DEGREE; THEFT IN THE SECOND DEGREE; BURGLARY IN THE FIRST DEGREE in CC-99-M-8; CC-98-M-102 and CC-98-M-103 on 3/24/99---all being convictions in the Circuit Court of Coffee County, Alabama and as Scottie Senn has a felony conviction for POSSESSION OF A CONTROLLED SUBSTANCE in the Circuit Court of Dale County, Alabama in CC-01-135 on the 13th day of March, 2002 and as Scottie Senn has a felony conviction for POSSESSION OF A CONTROLLED SUBSTANCE in CC-02-1180 in the Circuit Court of Houston County, Alabama on December 8, 2003, Alabama District Judge Paul Sherling could reasonably conclude at a bond setting hearing that affiant Scottie Senn does pose a detriment to himself and/or society thus necessitating a "cash bond" requirement. Note: If Mr. Senn is convicted of the Manufacturing First Degree charge now pending against him, the only sentence a state Judge could impose would be "Life" in the penitentiary. This fact further justifies Alabama District Judge Paul Sherling's decision to impose a "cash bond" requirement in order to better guarantee affiant Senn's presence at trial.

      14). Anthony Paul Karpinski by 6/11/05 affidavit states "*I am confined on urinanalysis test on substance that is not in the code of Alabama.*" Affiant's representation by "affidavit" to this Honorable Court is not true. Mr. Karpinsky states in his affidavit he has pending a probation revocation action and as this affiant has prior felony convictions for UNLAWFUL MANUFACTURE OF A CONTROLLED SUBSTANCE, to-wit: methamphetamine on May 17, 2002 in CC-02-74 in the Circuit Court of Covington County, Alabama; a conviction for POSSESSION OF A CONTROLLED SUBSTANCE, to-wit: methamphetamine on September 17, 2003 in CC-03-31 in the Circuit Court of Coffee County, Alabama and a conviction for ASSAULT IN THE FIRST DEGREE and CRIMINAL MISCHIEF IN THE FIRST DEGREE in CC-03-50 and 51 in the Circuit Court of Coffee County, Alabama, Coffee County Circuit Judge (*not Defendant, District Judge Paul Sherling*) could reasonably have inferred that this defendant poses a threat of harm to himself and/or society and reasonably require NO BOND which is most common in a probation revocation action or even a "cash only" bond. (*See Defendant, District Attorney's Exhibit D which exhibit is the state probation officer's*

*"Delinquent Charge or Charges" accusing this affiant of failing a drug test and testing positive for the consumption of a controlled substance, to-wit: methamphetamine which would be a violation of Condition #1 of this affiant's ORDER OF PROBATION.*) Under Alabama law, the possession of methamphetamine in any amount (i.e., even trace amounts in the blood system) is a violation of Alabama law and specifically, Section 13A-12-212, the Code of Alabama. Therefore, this affiant's representation to this Court is not truthful. Also, on May 26, 2005, this affiant's probation was ordered revoked by the Circuit Court and Mr. Karpinski was ordered to complete a Department of Corrections Substance Abuse Program before being released back to probation.

15). Shanna Maria Ballard states to this Honorable Court by way of a June 11, 2005 "*affidavit*" that she is "*...confined on a charge that is not contained in the Code of Alabama.*" Again, this representation to the Court is not truthful. Shanna Maria Ballard is charged in the District Court of Coffee County, Alabama with the UNLAWFUL MANUFACTURE OF A CONTROLLED SUBSTANCE, to-wit: methamphetamine in violation of Section 13A-12-218, the Code of Alabama. (*See Defendant, District Attorney's Exhibit E for the "complaint" against this affiant seeking the issuance of an arrest warrant.*) Note: This affiant's 14 month old child was allegedly present during the health hazard manufacturing process. Also, note that this affiant has proper, prior felony convictions for the UNLAWFUL MANUFACTURE OF A CONTROLLED SUBSTANCE, to-wit: Methamphetamine on the 17th day of May, 2002 in CC-02-74 IN THE CIRCUIT COURT OF COVINGTON COUNTY, ALABAMA and a conviction for the UNLAWFUL POSSESSION OF A CONTROLLED SUBSTANCE, to-wit: methamphetamine in CC-03-31 IN THE CIRCUIT COURT OF COFFEE COUNTY, ALABAMA on the 17th day of September, 2003. From just these facts, Alabama District Judge Paul Sherling could reasonably infer that this defendant poses a substantial threat to herself and/or to others (i.e., the infant child) justifying a "cash only" bond.

16). The Plaintiff and the other inmates who have filed affidavits are being held constitutionally; their confinement is supported by the laws of the United States of America and of the State of Alabama and arraignment will be set by the assigned State Judges after these matters have been presented to a Coffee County grand jury. <u>*An available remedy in the State Courts yet remains*</u>.

17). The petitioner has available to him state court remedies in the District and Circuit and state appellate systems that have not been exhausted. It is this Defendant, District Attorney's contention that the Petition should be denied as Petitioner Herring is a person in custody who has not "*exhausted the remedies available in the courts of the State...*" See 28 U.S.C. Section 2254(1)(b)(1)(A).

Dated this the 23rd day of August, 2005.

_____
Defendant, Gary L. McAliley, District Attorney,
Twelfth Judicial Circuit, State of Alabama


## CERTIFICATE OF SERVICE

I do hereby certify that I have this 23rd day of August, 2005 mailed a copy of the above pleading to Petitioner, Bennie Herring at his Coffee County, Alabama jail address, postage prepaid.

_____
Defendant, Gary L. McAlifey, District Attorney

District Attorney's Exhibit "A"

**COPY**

```
                 ALABAMA JUDICIAL INFORMATION SYSTEM
              * * * IN THE DISTRICT COURT OF COFFEE COUNTY * * *

   AGENCY NUMBER:                         WARRANT NUMBER: WR 2004 000492.00
                                          OTHER CASE NBR:

                          C O M P L A I N T

   BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF
   COFFEE COUNTY, ALABAMA, PERSONALLY APPEARED   MARK ANDERSON
   WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR
   BELIEVING, AND DOES BELIEVE THAT    BENNIE DEAN HERRING            DEFENDANT,
   WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE
   NAMED COUNTY AND

   DID ON OR ABOUT JULY 7, 2004, CARRY CONCEALED ABOUT HIS/HER PERSON
   A BOWIE KNIFE OR KNIFE OR INSTRUMENT OF LIKE KIND OR DESCRIPTION OR A
   PISTOL OR FIREARM OF ANY OTHER KIND OR AN AIR GUN, TO-WIT:
   HI-POINT .380 SEMI-AUTO PISTOL P717943
   IN VIOLATION OF 13A-011-050                         OF THE CODE OF ALABAMA,
   AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.
                                              _____
                                                   COMPLAINANT'S SIGNATURE




   SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 08 DAY OF JULY, 2004.

   _____
   JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

   CHARGES: CARRYING CONCEALED W   13A-011-050            M   MISDEMEANOR

   WITNESS FOR THE STATE

   MARK ANDERSON/C/O COFFEE COUNTY S.O./NEW BROCKTON/36351

   NEAL BRADLEY/C/O COFFEE COUNTY S.O./NEW BROCKTON/36351
   SANDY POPE/C/O COFFEE COUNTY S.O./NEW BROCKTON/36351
   CHRIS DAVIS/C/O COFFEE COUNTY S.O./NEW BROCKTON/36351


   OPERATOR: SEP    DATE: 07/08/2004
```


JUL 2004 RECEIVED DISTRICT ATTORNEY'S OFFICE COFFEE COUNTY AL

Exhibit "B"

COPY

ALABAMA JUDICIAL INFORMATION SYSTEM
* * * IN THE DISTRICT COURT OF COFFEE COUNTY * * *

AGENCY NUMBER:
WARRANT NUMBER: WR 2004 000733-00
OTHER CASE NBR: DC 2004 000630-00

04-514ep

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF COFFEE COUNTY, ALABAMA, PERSONALLY APPEARED   MARK ANDERSON
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR BELIEVING, AND DOES BELIEVE THAT   BENNIE DEAN HERRING                 DEFENDANT, WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE NAMED COUNTY AND

DID ON OR ABOUT JULY 7, 2004,   WHILE IN COFFEE COUNTY, ALABAMA:
(X) UNLAWFULLY POSSESS A CONTROLLED SUBSTANCE, TO-WIT METHAMPHETAMINE
IN VIOLATION OF 13A-012-212                            OF THE CODE OF ALABAMA,
AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

                                    Mark R Anderson
                                    COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 13 DAY OF OCTOBER, 2004.

Sue Prater
JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: POSS/REC CONTR. SUBS  13A-012-212                 F FELONY

WITNESS FOR THE STATE

MARK ANDERSON/C/O COFFEE COUNTY S.O./NEW BROCKTON/36351
NEIL BRADLEY/C/O COFFEE COUNTY S.O./NEW BROCKTON/36351

OPERATOR: SEP    DATE: 10/13/2004



ALABAMA JUDICIAL INFORMATION SYSTEM

### * * * IN THE DISTRICT COURT OF COFFEE COUNTY * * *

AGENCY NUMBER:                          WARRANT NUMBER: WR 2005 000228.00
                                        OTHER CASE NBR:

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF COFFEE COUNTY, ALABAMA, PERSONALLY APPEARED   NEAL BRADLELY
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR BELIEVING, AND DOES BELIEVE THAT    SCOTTY DEWAYNE SENN           DEFENDANT, WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE NAMED COUNTY AND

ON OR ABOUT MAY 17, 2005, COMMIT THE CRIME OF UNLAWFUL MANUFACTURE OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE, TO-WIT:METHAMPHETAMINE AND TWO OR MORE OF THE FOLLOWING CONDITIONS OCCURRED IN CONJUNCTION WITH THAT VIOLATION:
- ( ) POSSESSION OF A FIREARM, TO-WIT:_____; AND/OR,
- ( ) USE OF A BOOBY TRAP, TO-WIT:_____; AND/OR,
- (X) ILLEGAL POSSESSION, TRANSPORTATION, OR DISPOSAL OF HAZARDOUS OR DANGEROUS MATERIALS OR WHILE TRANSPORTING OR CAUSING TO BE TRANSPORTED MATERIALS IN FURTHERANCE OF A CLANDESTINE LABORATORY OPERATION, THERE WAS CREATED A SUBSTANTIAL RISK TO HUMAN SAFETY OR A DANGER TO THE ENVIRONMENT, TO-WIT: ACETONE, METH OIL, MURATIC ACID, AND RED PHOSPHORUS; AND/OR,
- (X) A CLANDESTINE LABORATORY OPERATION WAS TO TAKE PLACE OR DID TAKE PLACE WITHIN 500 FEET OF A RESIDENCE, PLACE OF BUSINESS, CHURCH, OR SCHOOL, TO-WIT: A RESIDENCE, AND/OR,
- (X) A CLANDESTINE LABORATORY OPERATION ACTUALLY PRODUCED ANY AMOUNT OF A SPECIFIED CONTROLLED SUBSTANCE, TO-WIT: METHAMPHETAMINE,
- (X) A PERSON UNDER THE AGE OF 17 WAS PRESENT DURING THE MANUFACTURING PROCESS, TO WIT: SHANNON BALLARD'S 14 MONTH OLD CHILD

IN VIOLATION OF 13A-012-218                        OF THE CODE OF ALABAMA, AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

_____
COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 18 DAY OF MAY, 2005.

_____
JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: UNLAW MANF CTN SUBS   13A-012-218        F  FELONY

WITNESS FOR THE STATE

NEAL BRADLELY/C/O COFFEE COUNTY SO/NEW BROCKTON/36354
LANCE TINDOL/C/O COFFEE COUNTY SO/NEW BROCKTON/36543

OPERATOR: PSH    DATE: 05/18/2005

*(handwritten: Defendant, District attorney Exhibit "D")*

# STATE OF ALABAMA

# BOARD OF PARDONS AND PAROLES

# OFFICER'S REPORT ON DELINQUENT PROBATIONER

| | | | |
|---|---|---|---|
| **Probationary Judge** | Jeff Kelley | **Court** | Circuit |
| **Probationer** | Anthony Paul Karpinski    **CC. No.** CC 2003-50,51 | **County** | Coffee/Elba |
| **Race, Sex & Age** | WM-38 | **Date of Conviction** | 3/29/2004 |
| **Offense** | Assault I, Criminal Mischief I | **Date of Probation** | 3/29/2004 |
| **Sentence** | 5 years each case, cc | **Probation Period** | 3 years |
| **Date of Delinquency** | 4/4/2005 | **Probation Expires** | 3/29/2007 |
| **Restitution Paid $** | Paid $3,640.00, Owes $14,911.61 | **Supervision Fee Paid $** | Current |

### DELINQUENT CHARGE OR CHARGES
### THIS IS AN AMENDED DELINQUENCY REPORT

**CHARGE NO. 1**

VIOLATION OF CONDITION #2
AVOID INJURIOUS OR VICIOUS HABITS

**LEGAL FACTS:**

On 4/4/2005, Karpinski was arrested by the Enterprise Police Department on A Probation and Parole Officer's Authorization of Arrest. Karpinski is currently being held in the Coffee County Jail.

**DETAILS:**

On 12/21/2004, this writer drug tested Karpinski. Karpinski tested positive for methamphetamine. Karpinski did admit verbally and in writing to using meth. This officer instructed Karpinski to immediately contact Dennis Griffith with the Court Referral Program and to make sure that he complied with the program. On 4/4/2005, this writer drug screened Karpinski. The urine sample submitted by Karpinski

Page 2
In Re: Anthony Paul Karpinski
Delinquency Report

tested positive for the presence of methamphetamine. On 4/11/2005, I spoke with Dennis Griffith with the Court Referral Program, who stated that on 1/26/2005, Karpinski was evaluated and that Karpinski tested positive for meth. Dennis Griffith also stated that Karpinski failed to show up for his appointment on 3/8/2005 and as a result was terminated from the Court Referral Program on 3/9/2005.

## CHARGE NO. 2

VIOLATION OF CONDITION #2
FAILURE TO PAY COURT ORDERED MONIES

## LEGAL FACTS:

N/A

## DETAILS:

As a condition of his probation, Karpinski was ordered to pay court ordered monies at a rate of $500.00 per month beginning 4/1/2004. As of the date of this delinquency report, AOC records indicate that Karpinski's last payment was made on 12/27/2004.

## PROBATION AND PAROLE OFFICER'S REMARKS:

Since Karpinski is on probation for Assault I, it does concern this writer that Karpinski has continued to use meth despite efforts made by this writer to get him some help. It is recommended that Karpinski's probation be revoked and that he complete a long term in-house SAP program.

Signed and dated at Enterprise, Alabama, this the 17th day of May, 2005.

Michael M. Gurman
Alabama Probation/Parole Officer

| | | |
|---|---|---|
| STATE OF ALABAMA, | * | IN THE CIRCUIT COURT OF |
| | * | |
| PLAINTIFF | * | COFFEE COUNTY, ALABAMA |
| | * | |
| | * | ELBA DIVISION |
| | * | |
| VS. | * | CASE NO. CC 2003-50, 51 |
| | * | |
| ANTHONY PAUL KARPINSKI | * | |
| | * | |
| DEFENDANT | | |

It being made known to the Court that ___Anthony Paul Karpinski___ probationer, has been arrested and is now being held in the ___Coffee County Jail___, on Order of the Court (or the State Probation Officer) for alleged violation of the terms of _his_ probation, it is, hereby **ORDERED** that the said ___Anthony Paul Karpinski___ be brought before the Court at ___9:00___ A. M,. on ___May 26___, 20_05_, at ~~Enterprise~~ _Elba_, Alabama, to determine whether or not _his_ probation will be revoked.

    The Probationer is hereby advised that _he_ will have the opportunity to have a hearing at which _he_ will be able to be heard in person and to present witnesses and documentary evidence in _his_ behalf; _he_ will have the right to confront and cross-examine adverse witnesses (unless the Court specifically finds good cause for not allowing said confrontation), and _he_ will have the right to have _his_ attorney present at the hearing; however, until further ordered, the attorney who represented this Defendant originally is hereby re-appointed to represent Defendant in this probation revocation proceeding.

    The Clerk is to forward a copy of this Order to the District Attorney of this ___Circuit___ so _he_ may know to be present for the prosecution of this case, and to Defendant's appointed attorney.

    It is further **ORDERED, ADJUDGED AND DECREED** that the said Defendant be served with a copy of this Order and a copy of the Probation Officer's Report on Delinquent Probationer attached hereto.

    Ordered by the undersigned as Judge of the ___Circuit___ Court of Coffee County, Alabama, this the _12th_ Day of ___April___, 20_05_.

_____
JUDGE

Executed this the _____ day of _____, 20___, by serving a copy of this **ORDER** and the **Probation Officer's Report on Delinquent Probationer** on said defendant.

_____
SHERIFF/DEPUTY/OFFICER

*Defendant District Attorney's Exhibit E*

ALABAMA JUDICIAL INFORMATION SYSTEM

\*\*\* IN THE DISTRICT COURT OF COFFEE COUNTY \*\*\*

**COPY**

AGENCY NUMBER:         WARRANT NUMBER: WR 2005 000229.00
                       OTHER CASE NBR: 0527721

C O M P L A I N T

BEFORE ME THE UNDERSIGNED JUDGE/CLERK/MAGISTRATE OF THE DISTRICT COURT OF COFFEE COUNTY, ALABAMA, PERSONALLY APPEARED   NEAL BRADLELY
WHO BEING DULY SWORN DEPOSES AND SAYS THAT HE/SHE HAS PROBABLE CAUSE FOR BELIEVING, AND DOES BELIEVE THAT    SHANNA MARIE BALLARD        DEFENDANT, WHOSE NAME IS OTHERWISE UNKNOWN TO THE COMPLAINANT, DID WITHIN THE ABOVE NAMED COUNTY AND

ON OR ABOUT MAY 17, 2005, COMMIT THE CRIME OF UNLAWFUL MANUFACTURE OF A CONTROLLED SUBSTANCE IN THE FIRST DEGREE, TO-WIT: METHAMPHETAMINE AND TWO OR MORE OF THE FOLLOWING CONDITIONS OCCURRED IN CONJUNCTION WITH THAT VIOLATION:
( ) POSSESSION OF A FIREARM, TO-WIT:_____; AND/OR,
( ) USE OF A BOOBY TRAP, TO-WIT:_____; AND/OR,
(X) ILLEGAL POSSESSION, TRANSPORTATION, OR DISPOSAL OF HAZARDOUS OR DANGEROUS MATERIALS OR WHILE TRANSPORTING OR CAUSING TO BE TRANSPORTED MATERIALS IN FURTHERANCE OF A CLANDESTINE LABORATORY OPERATION, THERE WAS CREATED A SUBSTANTIAL RISK TO HUMAN SAFETY OR A DANGER TO THE ENVIRONMENT, TO-WIT: ACETONE, METH OIL, MURATIC ACID AND RED PHOSPHORUS; AND/OR,
(X) A CLANDESTINE LABORATORY OPERATION WAS TO TAKE PLACE OR DID TAKE PLACE WITHIN 500 FEET OF A RESIDENCE, PLACE OF BUSINESS, CHURCH, OR SCHOOL, TO-WIT: RESIDENCE, AND/OR,
(X) A CLANDESTINE LABORATORY OPERATION ACTUALLY PRODUCED ANY AMOUNT OF A SPECIFIED CONTROLLED SUBSTANCE, TO-WIT: METHAMPHETAMINE,
(X) A PERSON UNDER THE AGE OF 17 WAS PRESENT DURING THE MANUFACTURING PROCESS, TO WIT: SHANNON BALLARD'S 14 MONTH OLD CHILD
IN VIOLATION OF 13A-012-218                      OF THE CODE OF ALABAMA, AGAINST THE PEACE AND DIGNITY OF THE STATE OF ALABAMA.

_____
COMPLAINANT'S SIGNATURE

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 18 DAY OF MAY, 2005.

_____
JUDGE/CLERK/MAGISTRATE OF DISTRICT COURT

CHARGES: UNLAW MANF CTN SUBS    13A-012-218        F   FELONY

WITNESS FOR THE STATE

NEAL BRADLELY/C/O COFFEE COUNTY SO/NEW BROCKTON/36354
LANCE TINDOL/C/O COFFEE COUNTY SO/NEW BROCKTON/36543

OPERATOR: PSH    DATE: 05/18/2005