IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BENNIE D. HERRING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:05-CV-563-T |
| ) | |
| THE COFFEE COUNTY COMMISSION, ) | |
| et al., ) | |
| ) | |
| Respondents. ) | |

**O R D E R**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Bennie D. Herring ("Herring") on June 13, 2005. In this petition, as amended, Herring challenges the constitutionality of his confinement in the Coffee County Jail pursuant to orders of the District Court of Coffee County, Alabama. Specifically, Herring asserts that (i) his confinement is without legal basis as he was arrested without a warrant, (ii) the court improperly imposed a "cash only" bond upon him, (iii) he has been denied arraignment, and (iv) court officials have denied him copies of the charges against him.

In an answer filed on August 25, 2005, the respondents assert that Herring has failed to exhaust available state remedies with respect to each of the claims now pending before this court. Specifically, the respondents maintain that the petitioner may present his claims to the state courts in various motions. *Respondents' Answer* at 6. "Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 -- including exhaustion of state remedies -- apply to" Herring as he challenges the validity of state court actions which have resulted in his confinement. *Dill v. Holt*, 371 F.3d 1301, 1302

(11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Herring] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303. The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it is clear that the petitioner has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that on or before September 12, 2005 the petitioner shall show cause why this 28 U.S.C. § 2241 petition for habeas corpus should not be dismissed for failure to exhaust state remedies.

Done this 31st day of August, 2005.

/s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE