IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BENNIE D. HERRING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05-CV-563-T |
| | ) | [WO] |
| | ) | |
| THE COFFEE COUNTY COMMISSION, | ) | |
| et al., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Bennie D. Herring ["Herring"] on June 13, 2005. In this petition, as amended, Herring challenges the constitutionality of pending state criminal charges and his confinement on these charges pursuant to orders of the District Court of Coffee County, Alabama.

In an answer filed on August 25, 2005, the respondents assert that Herring has failed to exhaust available state remedies with respect to each of the claims now pending before this court. Specifically, the respondents maintain that the petitioner may present his claims to the state courts in various motions during proceedings related to the pending criminal charges. *Respondents' Answer* at 6. In light of this argument, the court entered an order affording Herring an opportunity to show cause why this habeas petition should not be dismissed for his failure to exhaust remedies available to him in the state courts. *See Order of August 31,*

2005 - *Court Doc. No. 15*. Herring has filed nothing in response to this order.

## DISCUSSION

"Although the statutory language of § 2241 itself does not contain a requirement that a petitioner exhaust state remedies, . . . the requirements of § 2254 -- including exhaustion of state remedies -- apply to" Herring as he challenges the validity of state court actions which resulted in his confinement and remain a potential basis for his confinement until resolution of the criminal charges pending against him in the state courts of Coffee County, Alabama. *Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004). "'[T]he writ of habeas corpus is a single post-conviction remedy principally governed by two different statutes,' § 2241 and § 2254, with the second of those statutes serving to limit the authority granted in the first one. [*Medberry v. Crosby*, 351 F.3d 1049, 1059-1062 (11th Cir. 2003)]. For that reason, even though [Herring] brought his petition seeking habeas relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement" because the custody he seeks to challenge arises from the orders of a state court. *Dill*, 371 F.3d at 1302-1303. The law directs that this court shall not grant relief on a petition for writ of habeas corpus "unless it appears that the applicant has exhausted the remedies available in the courts of the State ..." 28 U.S.C. § 2254(1)(b)(1)(A).

Upon review of the pleadings filed in this case, it is clear that Herring has not yet exhausted his available state court remedies with respect to each of the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule

on the merits of the petitioner's claims without first requiring that he exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that on or before October 5, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 21st day of September, 2005.

                                         /s/Charles S. Coody
                                 CHARLES S. COODY
                                 CHIEF UNITED STATES MAGISTRATE JUDGE